1  JOHN B. SULLIVAN (State Bar No. 96742)
   jbs@severson.com
2  AUSTIN B. KENNEY (State Bar No. 242277)
   abk@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
5  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
6
   ERIC J. TROUTMAN (State Bar No. 229263)
7  ejt@severson.com
   SEVERSON & WERSON
8  A Professional Corporation
   The Atrium
9  19100 Von Karman Avenue, Suite 700
   Irvine, California 92612
10 Telephone: (949) 442-7110
   Facsimile: (949) 442-7118
11
   Attorneys for Defendant
12 ALLY FINANCIAL, INC.

13                UNITED STATES DISTRICT COURT

14        CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

15
16 | MIKE BRANG, individually and on behalf of all others similarly situated, | Case No. 2:14-cv-01885-PA-JC |
17 |                                  | **CLASS ACTION** |
   |             Plaintiffs,          |  |
18 |                                  | **NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS AND DEFINITION; POINTS AND AUTHORITIES** |
   |             vs.                  |  |
19 | ALLY FINANCIAL, INC.,            |  |
20 |             Defendant.           | **[Fed R. Civ. P., Rules 12(f), 23(c)(1)(A) , 23(d)(1)(D)]** |
21 |                                  |  |
22 |                                  | Filed concurrently with [Proposed] Order Granting Motion |
23 |                                  |  |
24 |                                  | Date:      June 16, 2014<br>Time:      1:30 p.m.<br>Crtrm.:   15 - Spring Street |
25 |                                  |  |
26 |                                  | The Hon. Percy Anderson |
27 |                                  | Action Filed:  March 13, 2014<br>Trial Date:    None |
28

NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS AND DEFINITION;
POINTS AND AUTHORITIES

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THE COURT:**

**PLEASE TAKE NOTICE** that on June 16, 2014, at 1:30 p.m., or as soon thereafter as the matter may be heard, in courtroom 15 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, CA 90012-4701, the Honorable Percy Anderson presiding, defendant ALLY FINANCIAL, INC. ("Ally") will and hereby does move for an Order striking the class allegations and definition in plaintiff MIKE BRANG's[1] Complaint pursuant to Rule 12(f) and 23(c)(1)(A) and 23(d)(1)(D).  Specifically, Ally seeks an Order striking paragraphs 24-35 of the Complaint in their entirety, as well as the references to "the Class" in paragraphs 38-39, 42-44 and 47.

The Motion is based upon the fact that the definition is overbroad, sweeping in numerous class members that do not have viable claims and therefore defines a class that is not certifiable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] This putative class action was originally filed by MONIQUE PEREZ and MIKE BRANG.  However, the parties have filed a Joint Motion to Remove Plaintiff Monique Perez as a Party to the Action, and Ms. Perez is no longer a party.

NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS AND DEFINITION;
POINTS AND AUTHORITIES

1   This motion is based on this notice of motion and motion, the memorandum

2   of points and authorities that follows, the pleadings and records on file in this action,

3   and upon such other oral and documentary evidence that may be presented at the

4   hearing on this motion.

5   This motion is made following the conference of counsel pursuant to L.R. 7-3

6   which took place on May 7, 2014.

7

8   DATED:  May 15, 2014          Respectfully submitted,

9                                              SEVERSON & WERSON

10                                            A Professional Corporation

11

12                                            By:   ___/s/ Austin B. Kenney___

13                                                       Austin B. Kenney

14                                            Attorneys for Defendant

15                                            ALLY FINANCIAL, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS AND DEFINITION;
POINTS AND AUTHORITIES

## POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff sues, contending Ally violated the Telephone Consumer Protection Act of 1991 ("TCPA") by calling him regarding a debt owed by his Wife "Marianne." Compl., ¶¶ 15-23. Specifically, Plaintiff contends that Ally contacted him on a cell phone number ending in 0759 using an automated telephone dialing system ("ATDS") without his express consent. *Ibid.*

The TCPA contains an exemption permitting autodialed calls to be placed with the consent of the "called party." 47 U.S.C. § 227(b)(1)(A). This exemption has been broadly interpreted by the FCC and a debtor is deemed to have given their "express consent" to a creditor anytime they provide their cell phone number to the credit in connection with the transaction giving rise to the debt.

In this case Ally will argue that Marianne's provision of the 0759 number to it constituted express consent to receive calls on that number sufficient to insulate it from liability on her husband's TCPA claim. As pertinent here, however, the express consent exemption also dooms Plaintiff's class definition as overbroad because some of the customers Ally dials have given Ally their express consent to call their phones and, therefore, do not have viable TCPA claims. Hence the class definition is vastly overbroad and Ninth Circuit law is clear that such an impermissibly broad class cannot be certified. Accordingly the Court should strike Plaintiffs' overbroad class definition. Compl., ¶ 25.

## II.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(f) provides that the Court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the

expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]"  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), overruled on other grounds, 510 U.S. 517, 114 S.Ct. 1023 (1994).

"Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained."  *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010).

# III.

# ARGUMENT

The law is settled that if a proposed class is defined so broadly as to include a great number of members who could not have been harmed, the class cannot be certified.  *See, e.g.*, *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009) ("[I]f the definition is so broad that it sweeps within it persons who could not have been injured by the defendant's conduct, it is too broad."); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006).  Stated another way, "no class may be certified that contains members lacking Article III standing . . ." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (citing *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006)); *see also Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1152 (N.D. Cal. 2010) (". . . because the class does not exclude persons . . . who have not suffered any damages at all, it is not ascertainable.")

The Ninth Circuit has made clear that class treatment is improper where the putative class includes members that have suffered no legally cognizable injury:

> Class actions . . . must be structured so as to conform in the essential respects to the judicial process. This is the principle by which we are guided. *It dictates, inter alia, that the courts not be available to those who have suffered no harm at the hands of them against whom they complain*. They have no standing to sue.

1  *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 464 (9th Cir. 1973) (emphasis
2  added).

3      Calls placed to cell phones with the "express consent" of the "called party"
4  are not actionable under the TCPA. 47 U.S.C. § 227(b)(1)(A). Not surprisingly,
5  therefore, consent issues are front-and-center in most TCPA cases. "[T]he
6  predominant issue of *fact* is undoubtedly one of *individual* consent." *Gene and*
7  *Gene LLC v. Biopay LLC*, 541 F.3d 318, 327 (5th Cir. 2008). Whether or not
8  consent is an affirmative defense, "the issue of consent will entirely determine how
9  the proposed class-action trial will be conducted on the merits." *Id*.

10      Nonetheless, Plaintiff purports to represent all individuals that received an
11  autodialed call from Ally during the class period, without even referencing consent.
12  Compl., ¶ 25. This definition is exceptionally overbroad because it necessarily
13  includes individuals that consented to receive the calls at issue and, hence, do not
14  have a claim. *See* 47 U.S.C. § 227(b)(1)(A).

15      At least some of the individuals within the present class definition necessarily
16  consented to receive the calls at issue. This is so because the FCC has determined
17  that anytime a customer provides their number to a creditor in connection with an
18  account they have provided their consent to receive calls:

19      In this ruling, we clarify that autodialed and prerecorded
       message calls to wireless numbers *that are provided by the*
20      *called party to the creditor* in connection with an existing
       debt are permissible as calls made with the "prior express
21      consent" of the called party.

22  FCC 07-232 (January 4, 2008 at ¶ 1), 23 FCC Rcd. 559. In reaching this
23  conclusion, the FCC relied upon the expansive rationale that anytime a customer
24  "knowingly release[s] their phone numbers [they] have in effect given their
25  invitation or permission to be called." *Id*. at 564-65. *See also Murphy v. DCI*
26  *Biologicals Orlando, LLC*, No. 6:12-CV-1459-ORL, 2013 WL 6865772, at *6
27  (M.D. Fla. Dec. 31, 2013) (applying 2008 TCPA ruling to find that blood bank did

28

not violate the TCPA by sending text messages to a prior blood donor who had provided his cellular telephone number in connection with giving blood); *Kolinek v. Walgreen Co*., No. 13 C 4806, 2014 WL 518174, at *2 (N.D. Ill. Feb. 10, 2014) ("If the FCC's interpretation governs, Kolinek has no claim, because he admits in his complaint that he knowingly gave his cell phone number to Walgreens.  And the FCC's interpretation of the TCPA is, in fact, binding on this Court.")

Accordingly, not all calls placed by Ally are actionable under the TCPA. Instead, only those calls placed to numbers that were not provided directly by its customers in connection with their accounts are actionable.  *See, e.g., Satterfield v. Simon & Schuster, Inc.*, 569 F. 3d 946, 955 (9th Cir. 2009) (finding that plaintiff consented to receive promotional materials from Nextones but not unrelated entities); *Roberts v. PayPal, Inc*., No. C 12-0622 PJH, 2013 WL 2384242, at *5 (N.D. Cal. May 30, 2013) (providing cellular number to dialer demonstrated "express consent" under the TCPA); *Saunders v. NCO Financial Systems, Inc*., 910 F. Supp. 2d 464, 467 (E.D.N.Y. 2012) (following FCC ruling in noting that "the authorities are almost unanimous that voluntarily furnishing a cellphone number to a vendor or other contractual counterparty constitutes express consent"); *Cavero v. Franklin Collection Serv., Inc*., No. 11-22630-CIV, 2012 WL 279448, at *3-4 (S.D. Fla. Jan. 31, 2012) (same); *Cunningham v. Credit Mgmt., L.P*., No. 3:09-CV-1497-GB(BF), 2010 WL 3791104, at *5 (N.D. Tex. Aug. 30, 2010), report and recommendation adopted, No. 3:09-CV-1497-G(BF), 2010 WL 3791049 (N.D. Tex. Sept. 27, 2010) ("Plaintiff provided his cellular number to Time Warner and, in doing so, consented to receiving automated and prerecorded calls in relation to any debt he may incur with them").

Plaintiff's class definition is therefore impermissibly overbroad and should be stricken.  *See, e.g., Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 596 (9th Cir. 2012) (vacating certification where the class was overbroad and masked

1  individualized inquiries); *Diacakis v. Comcast Corp.*, No. C 11–3002 SBA, 2013

2  WL 1878921, at *4 (N.D. Cal. May 03, 2013) (denying certification motion because

3  class was impermissibly overbroad); *Mazur v. eBay*, 257 F.R.D. 563, 567 (N.D. Cal.

4  2009) (similar); *Wolph v. Acer Am. Corp.*, 272 F.R.D. 477, 482-83 (N.D. Cal. 2011)

5  (finding a class definition overbroad where the proposed class included persons who

6  had already received a remedy and were not damaged).

7  **IV.**

8  **CONCLUSION**

9  For the foregoing reasons, the Court should strike Plaintiff's class definition

10  and supporting allegations, including specifically striking paragraphs 24-35 in their

11  entirety, as well as the references to "the Class" in paragraphs 38-39, 42-44 and 47.

12  DATED:  May 15, 2014                    Respectfully submitted,

13                                          SEVERSON & WERSON

14                                          A Professional Corporation

15

16

17                                          By:   ___/s/ Austin B. Kenney___

                                                      Austin B. Kenney

18

19                                          Attorneys for Defendant

20                                          ALLY FINANCIAL, INC.

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS AND DEFINITION;
POINTS AND AUTHORITIES