Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fascimile: (619) 297-1022

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
Attorneys for Plaintiff's

[Additional counsel for Plaintiffs listed on last page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE BRANG, Individually and On Behalf of all others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALLY FINANCIAL, INC., <br><br> Defendant. | Case No: 2:14-cv-01885-PA-JC <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS AND DEFINITIONS** <br><br> **Date: June 16, 2014** <br> **Time: 10:00 AM** <br> **Courtroom: 15** <br> **Judge: Hon. Percy Anderson** |

# Table Of Contents

I.     Introduction .............................................................................................................1

II.    Factual Allegations ...............................................................................................1

III.   Procedural History ................................................................................................2

IV.    Legal Standard .....................................................................................................2

V.     Argument ..............................................................................................................4

    A.     Defendants Motion to Strike is Premature..................................................4

        1.     The Central District of California's Local Rules require timely evaluation of the plausibility of Class Certification ..................................................................5

        2.     Plaintiffs have not had the opportunity to conduct discovery at this early stage of the case.............................................................................................................5

        3.     Plaintiffs proposed class does not require individual inquiry ....................6

        4.     Defendants arguments are better suited for an opposition to class certification ..........6

    B.     The Class Definition is Not Overbroad .......................................................8

        1.     The TCPA Requires Prior Express Consent to Autodial or Use Pre-Recorded Messages ...............................................................................................8

            i.     Prior Express Consent is an Affirmative Defense..............................................9

            ii.    Prior Express May be Revoked ...............................................................10

            iii.   Class Members Can Provide Evidence of Lack of Consent ................................11

VI.    Conclusion ...........................................................................................................11

HYDE & SWIGART
Consumer Protection Attorneys

**Table Of Authorities**

**Cases**

*Agne v. Papa John's Int'l,*
    286 F.R.D. 559 (W.D. Wash. 2012)..........................................................................11

*Anderson v. CBE Group, Inc.,*
    2011 U.S. Dist. LEXIS 42334, *7 (N.D. Cal. Apr. 18, 2011)....................................5

*Armstrong v. Davis,*
    275 F.3d 849, 872 n. 28 (9th Cir. 2001) ..................................................................12

*Astiana v. Ben & Jerry's Homemade, Inc., No. C*
    2011 U.S. Dist LEXIS 57348, at *37-39 (N.D. Cal. May 26, 2011) .........................6

*Blair v. the CBE Group Incorporated,*
    13-cv-134-MMA (WVG), Dkt. 14 ..........................................................................11

*Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.,*
    217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) .......................................................2-3

*CE Design Ltd. v. King Architectural Metals, Inc.,*
    637 F.3d 721, 723 (7th Cir. Ill. 2011) ......................................................................6

*Chen-Oster v. Goldman, Sachs & Co.,*
    No. 10 Civ. 6950, 2012 U.S. Dist. LEXIS 12961, at *13-14 (S.D.N.Y. Jan. 19, 2012)............7

*Cholakyan v. Mercedes-Benz USA, LLC,*
    796 F. Supp. 2d 1220, 1245-46 (C.D. Cal. 2011)....................................................5

*Cole v. Asurion Corp.,*
    No. CV 06-6649PSGJTLX, 2008 WL 5423859, *14 (C.D. Cal. Dec. 30, 2008)..................3-4

*Covillo v. Specialtys Café,*
    No. C-11-00594 DMR, 2011 U.S. Dist. LEXIS 147489 (N.D. Cal. Dec. 22, 2011) ................7

*Fantasy, Inc. v. Fogerty,*
    984 F.2d 1524, 1527 (9th Cir. 1993) ........................................................................2

*Germaine Music v. Universal Songs of Polygram,*
    275 F. Supp. 2d 1288, 1300 (D. Nev. 2003)............................................................3

*Gomez v. Campbell-Ewald Co.,*

    805 F. Supp. 2d 923, 931 (C.D. Cal. 2011) ...................................................................11

*Grant v. Capital Mgmt. Servs., L.P.,*

    449 Fed. Appx. 598, 600 (9th Cir. Cal. 2011) .......................................................10-11

*Gutierrez v. Barclays Group,*

    2011 U.S. Dist. LEXIS 12546, *6 (S.D. Cal. Feb. 9, 2011 ....................................9-10

*In re Ferrero Litig.,*

    2012 U.S. Dist. LEXIS 15174 (S.D. Cal. Jan. 23, 2012) ............................................11

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.,*

    505 F. Supp. 2d 609, 615-16 (N.D. Cal. 2007) ..........................................................12

*In the Matter of Rules and Regulations Implementing the TCPA of 1991,*

    CG Docket No. 02-278 (Report and Order February 15, 2012) ...............................8-9

*Kazemi v. Payless Shoesource Inc.,*

    2010 U.S. Dist. LEXIS 27666, 2010 WL 963225, *2 (N.D. Cal. 2010) .....................3

*Martin v. Cellco P'ship,*

    2012 U.S. Dist. LEXIS 149891 (N.D. Ill. Oct. 18, 2012) .............................................6

*Meyer v. Portfolio Recovery Assocs., LLC,*

    2012 U.S. App. LEXIS 21136, *1 (9th Cir. Cal. Oct. 12, 2012) ................................11

*Mills v. Foremost Ins. Co.,*

    511 F.3d 1300, 1309 & n.14 (11th Cir. 2008) ..............................................................4

*Neveu v City of Fresno,*

    392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) ..............................................................3

*Pitts v. Terrible Herbst, Inc,*

    653 F.3d 1081, 1094 n.5 (9th Cir. 2011) ......................................................................4

*Schwartz v. Upper Deck Co,*

    183 F.R.D. 672, 679-80 (S.D. Cal. 1999) .....................................................................8

*Shupe v. JPMorgan Chase Bank of Ariz.,*

    2012 U.S. Dist. LEXIS 54756 (D. Ariz. Mar. 14, 2012) ............................................10

*Soppet v. Enhanced Recovery Co., LLC,*

   679 F.3d 637, 640, 643 (7th Cir. Ill. 2012)...................................................6

*Thorpe v. Abbott Labs., Inc.,*

   534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008)...........................................3

*Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.,*

   401 F.3d 876, 882 (8th Cir. 2005)...........................................................6

*Vandervort v. Balboa Capital Corp.,*

   287 F.R.D. 554 (C.D. Cal. 2012) ...........................................................11

*Vinole v. Countrywide Home Loans, Inc.,*

   571 F.3d 935, 942 (9th Cir. 2009)...........................................................4

*Wal-Mart Stores, Inc. v. Dukes,*

   131 S. Ct. 2541 (U.S. 2011)...................................................................7

*Whittlestone, Inc. v. Handi—Craft Co.,*

   618 F.3d 970, 973 (9th Cir. 2010)...........................................................3

**Statutes**

47 U.S.C. § 227(a)(1)................................................................................1

47 U.S.C. § 227(b)(1)...............................................................................1

47 U.S.C. § 227(b)(1)(A)...................................................................1-2, 9-10

47 U.S.C. § 227(b)(1)(A)(i).......................................................................1

47 U.S.C. § 227(b)(1)(A)(iii).....................................................................8

**Federal Rules**

Fed. R. Civ. Pro. 12(f).....................................................................passim

Fed. R. Civ. Pro. 23.........................................................................4-5, 7

Fed. R. Civ. Pro. 26(f).......................................................................1-2

**Local Rules**

Central District of California Local Rule 23-3 ...........................................5-6

## I.   INTRODUCTION

Defendant brings this motion to strike Plaintiffs' class allegations and class definition based on the argument that Plaintiff's class definition is overbroad. However, this motion and this issue is premature as the parties have not have time to conduct discovery as this case was filed on March 12, 2014 and the parties have not yet held their conference under Federal Rule of Civil Procedure 26(f). Furthermore, Defendant's objection to Plaintiff's class definition is based on its failure to address an affirmative defense, which is not necessary to Plaintiffs certifying the class. As such, Defendant's motion to strike should be denied in whole.

## II.   FACTUAL ALLEGATIONS

Beginning in or around late 2013, Defendant began to utilize Plaintiff's cellular telephone number, ending in 0759, to place virtually daily incessant calls to Plaintiffs pertaining to an alleged debt owed by his wife Marrianne. Complaint ¶ 15.

Plaintiff Mike Brang did not sign any loan documents, or provide his cellular telephone number to Defendant. Complaint ¶ 16. During this time, Defendant placed calls on a daily basis, often placing numerous calls a day. Complaint ¶ 17.

numerous occasions, Plaintiffs spoke with Defendants and orally demanded that any and all telephone calls regarding the alleged debt must cease. Despite receiving this demand, Defendant continued to call Plaintiffs' cellular telephone regarding the alleged debt owed. *Id* at ¶¶ 15-16.

The calls Defendant placed to Plaintiffs' cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A). This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator. *Id* at ¶¶ 18-19.

The telephone number that Defendant, or its agents, called was assigned to a

cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1). These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i). *Id* at ¶¶ 20-21.

Plaintiffs have never provided any personal information, including their cellular telephone number to Defendant for any purpose.  Furthermore, Defendant was advised, to immediately cease placing calls to Plaintiffs' cellular telephone.  As such, neither Defendant nor its agents were provided with prior express consent to place calls via its ATDS to Plaintiffs' cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A). *Id* at ¶ 22.

## III.  PROCEDURAL HISTORY

This action was filed on March 13, 2014 with two plaintiffs, Mike Brang and Monique Perez. Docket #1. On  April 30, 2014 the parties stipulated to remove Monique Perez as a party to this action, and the court ordered the removal on May 1, 2013. Dkt. # 11-12. Defendant filed their Answer, a Third Party Complaint against  Mariana L. Brang, and this motion to strike class allegations and class definition on May 15, 2014. Dkt # 14-16. Subsequently, the Court set a scheduling conference and Rule 26 compliance on May 16, 2014. Dkt. # 19.

## IV.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (internal quotation marks and citations omitted). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted), rev'd on other

grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* Scandalous matter is that which "improperly casts a derogatory light on someone, most typically on a party to the action." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal quotation marks and citations omitted).

The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi—Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Alco Pacific*, 217 F. Supp. 2d at 1033; *see also Neveu v City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (Motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").

Further, motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for arguments pertaining to class allegations. *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *Kazemi v. Payless Shoesource Inc.*, 2010 U.S. Dist. LEXIS 27666, 2010 WL 963225, *2 (N.D. Cal. 2010).

///
///
///
///
///
///
///
///

## V.   ARGUMENT

### A.   DEFENDANTS MOTION TO STRIKE IS PREMATURE

Defendant's motion to strike Plaintiff's class allegations and definition should be denied as it prematurely seeks to resolve disputed factual issues about whether a class may be certified.[1] *See e.g.*, *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969). ("[C]ompliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim . . . .").  Here, as in most class actions, "the pleadings alone will not resolve the question of class certification," and therefore "'the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable.'" *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)[2]  (quoting *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)); *see also Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1094 n.5 (9th Cir. 2011) (it is an abuse of discretion to dismiss class action if "propriety of a class action cannot be determined . . . without discovery") (citations omitted.).[3]

///

///

---

[1] "Undoubtedly, addressing these arguments at a later date will require additional time and expense on the part of the defendants. But the Court is reluctant to preemptively deny Plaintiff at least the opportunity to present a motion for class certification". *Cole v. Asurion Corp.*, No. CV 06-6649PSGJTLX, 2008 WL 5423859, *14 (C.D. Cal. Dec. 30, 2008).

[2] *Vinole* recognized some trial courts have "considered defendants' 'preemptive' motions to deny certification" before plaintiffs have filed a certification motion, and found a district court could consider a motion to deny certification three weeks before the close of discovery when plaintiffs "did not intend to propound any additional discovery." 571 F.3d at 940-41, 943 (Emphasis added.)

[3] "The court should defer decision on certification pending discovery if the existing record is inadequate for resolving the relevant issues." *Vinole*, 571 F.3d at 942 (quoting *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 & n.14 (11th Cir. 2008)).

**1.   THE CENTRAL DISTRICT OF CALIFORNIA'S LOCAL RULES REQUIRE**

**TIMELY EVALUATION OF THE PLAUSIBILITY OF CLASS CERTIFICATION**

It is clear that the this court has an appreciation for the delicate nature of Class Certification and seeks to evaluate the factors under Fed. R. Civ. P. 23 as quickly as possible. Central District of California Local Rule 23-3 states:

> Within 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 et seq., the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court.

Central District of California Local Rule 23-3. Defendant seeks to force this court to address the issues raise under Rule 23 far sooner than this District has identified as the appropriate time.

**2.   PLAINTIFFS HAVE NOT HAD THE OPPORTUNITY TO CONDUCT**

**DISCOVERY AT THIS EARLY STAGE OF THE CASE**

Plaintiffs have not had the benefit of deposing Defendant's technology expert(s) to determine, inter alia, to what capacity Defendant's own records may assist with class identification (i.e., Do Defendant's records distinguish between telephone numbers to cell phones versus landlines?). Discovery in this case is necessary to determine the propriety of class certification in terms of the ascertainability of putative class members (see Complaint ¶ 29), especially where Defendant claims that the class definition is "impermissibly overbroad". (see Def.'s Memo., p. 4, lns. 25-26.

Because class allegations are almost always disputed and require ample discovery, it is "rare" for courts to dismiss class allegations "in advance of a motion for class certification." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245-46 (C.D. Cal. 2011) (collecting numerous cases rejecting motions to dismiss or strike as premature). See *Anderson v. CBE Group, Inc.*, 2011 U.S. Dist. LEXIS 42334, *7 (N.D. Cal. Apr. 18, 2011) ("The Court finds defendant's

HYDE & SWIGART
Consumer Protection Attorneys

arguments about the class definitions are premature and should be resolved in connection with plaintiffs' motion for class certification. The Court will be better positioned to assess the validity of those objections after the parties have developed the factual record and any legal questions about the TCPA have been resolved."). Dismissing or striking class allegations at the pleading stage is rare, and should not be done here either, because Plaintiff has not had an opportunity to conduct discovery.

### 3. PLAINTIFFS PROPOSED CLASS DOES NOT REQUIRE INDIVIDUAL INQUIRY

Defendant attempts to analogize this case to others where the courts found the definitions overbroad and impermissible because is would require individual inquiry. this is an issue that is more properly addressed when Plaintiff's file their motion for class certification pursuant to Local Rule 23-3.

Further, the TCPA imposes strict liability, requiring no individualized inquiry regarding Defendant's state of mind in order to impose statutory damages.[4] Thus, Defendant is liable simply from the fact that it made calls using an autodialer or an artificial or prerecorded voice to cellular telephones without prior express consent (see Complaint ¶¶ 18-23, 30).

### 4. DEFENDANTS ARGUMENTS ARE BETTER SUITED FOR AN OPPOSITION TO CLASS CERTIFICATION

In rejecting similar premature efforts to dismiss class allegations, courts have recognized that where, as here, the factual issues critical to class certification are disputed, a court may not resolve the merits of plaintiffs' request for certification without the benefit of a developed record. See e.g., *Astiana v. Ben & Jerry's Homemade, Inc.*, No. C 10-4937, 2011 U.S. Dist LEXIS 57348, at *37-39 (N.D.

---

[4] See e.g., *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 640, 643 (7th Cir. Ill. 2012), See *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 723 (7th Cir. Ill. 2011); *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 882 (8th Cir. 2005); *Martin v. Cellco P'ship*, 2012 U.S. Dist. LEXIS 149891 (N.D. Ill. Oct. 18, 2012)

Cal. May 26, 2011) (declining to dismiss or strike class claims, as "whether the class is ascertainable and whether a class action is superior should be resolved in connection with a class certification motion").

Since the Supreme Court issued *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (U.S. 2011), courts have repeatedly denied premature requests to dismiss class allegations, recognizing that discovery is necessary to evaluate class claims. *See, e.g.*, *Covillo v. Specialtys Café*, No. C-11-00594 DMR, 2011 U.S. Dist. LEXIS 147489, at *17-18 (N.D. Cal. Dec. 22, 2011) (denying defendants' motion to dismiss wage and hour class claims as premature); *Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2012 U.S. Dist. LEXIS 12961, at *13-14 (S.D.N.Y. Jan. 19, 2012) (denying motion to strike class allegations as premature in Title VII gender discrimination action); *see also* 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1798 (3d ed. 2005) ("Compliance with Rule 23 prerequisites theoretically should not be tested by a motion to dismiss for failure to state a claim or by a summary-judgment motion.").

Defendant's motion would prejudice the Plaintiffs by denying them class discovery necessary for a properly supported motion for class certification, a motion that requires Plaintiff to put forward actual evidence that the prerequisites of Rule 23 are met. To certify a class action, Plaintiffs must demonstrate that all of the prerequisites of Rule 23(a) are satisfied. Defendant attempts to shift its burden to Plaintiffs prior to Plaintiffs' filing of a motion for class certification and without discovery, thereby precluding the introduction of extrinsic evidence necessary to satisfy the prerequisites of Rule 23(a) and (b), such as deposition testimony of defendant's technology expert(s), declarations of affected class members and Plaintiff's technology expert(s), and other objective evidence (i.e., whether Defendant used an autodialer to make its calls). For this and other reasons, many courts have found a motion to dismiss or strike class allegations prior to a motion for class certification is premature.

Accordingly, Defendant's motion to strike the class allegations is premature, and Plaintiffs should be permitted to conduct class discovery that is necessary for their future motion for class certification.

## B.   THE CLASS DEFINITION IS NOT OVERBROAD

"Although there is no explicit requirement concerning the class definition in FRCP 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed.'" *Schwartz v. Upper Deck Co.,* 183 F.R.D. 672, 679-80 (S.D. Cal. 1999) (quoting *Elliott v ITT Corp*, 150 F.R.D. 569, 573-74 (N.D. Ill. 1992)). Plaintiffs' class definition is adequately defined in every respect, and Plaintiff's class definition is sufficiently narrow so as only to include the proper class members, which will likely be determined through Defendant's own records (see Complaint ¶29).

Defendant's grievance with Plaintiff's class allegations and definitions is that the issue of prior express consent is not sufficiently addressed as part of the class. However, prior express consent is an affirmative defense for Defendant to establish, and is not an element of the TCPA.

### 1.   THE TCPA REQUIRES PRIOR EXPRESS CONSENT TO AUTODIAL OR USE PRE-RECORDED MESSAGES

The text of the TCPA, and the Federal Communications Commission ("FCC") – the agency responsible for implementing the TCPA – requires prior express consent to autodialed calls. *See* 47 U.S.C. § 227(b)(1)(A)(iii); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278 (Report and Order February 15, 2012), where the FCC declared as follows:

> We conclude that requiring prior express written consent for telemarketing calls utilizing autodialed or prerecorded technologies will further reduce the opportunities for telemarketers to place unwanted or unexpected calls to consumers. We believe that requiring prior written consent will

HYDE & SWIGART
Consumer Protection Attorneys

better protect consumer privacy because such consent requires conspicuous action by the consumer – providing permission in writing -- to authorize autodialed or prerecorded telemarketing calls, and will reduce the chance of consumer confusion in responding orally to a telemarketer's consent request.

*Id.* at p. 10.[5] The FCC "require[s] prior express written consent for all telephone calls using an automatic telephone dialing system or a prerecorded voice to deliver a telemarketing message to wireless numbers…" *Id*. at 9. See also *Gutierrez v. Barclays Group*, 2011 U.S. Dist. LEXIS 12546, *6 (S.D. Cal. Feb. 9, 2011). "The FCC … concluded 'that the creditor should be responsible for demonstrating that the consumer provided prior express consent[,]' reasoning that '[t]he creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications.' *Id*. at 565." Significantly, none of the cases cited by Defendant in support if its argument that the Plaintiffs' class definition is improper because it includes language of "prior express consent" is controlling, and not one is from this Court or any other federal court in California. On the other hand, this Court has refused to dismiss similar TCPA complaints asserting class actions including language of "consent" in the class definition. Thus, Defendant's argument is without merit, has been rejected in substantial form on other occasions, and should be rejected once again.

### i.   PRIOR EXPRESS CONSENT IS AN AFFIRMATIVE DEFENSE

Like other torts, consent is treated as an affirmative defense for violation of the TCPA. "Calls otherwise in violation of the TCPA are not unlawful if made "for emergency purposes or made with the prior express consent of the called party," 47

---

[5] While prior express consent may be given orally or in writing for debt collection calls utilizing an autodialer (*see In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, p. 12 (Report and Order February 15, 2012)), Defendant still bears the burden of documenting such consent.

HYDE & SWIGART
Consumer Protection Attorneys

U.S.C. § 227(b)(1)(A); however, "express consent" is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof." *Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed. Appx. 598, 600 (9th Cir. Cal. 2011) (Emphasis added.) *See* 23 F.C.C.R. 559, 565 (Decided Dec. 28, 2007, Released Jan. 2, 2008) ("[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent.").

Therefore, Defendant bears the burden of demonstrating the existing of prior express consent (and that the call was made for an "emergency purpose") from the named Plaintiffs and putative class members; Plaintiffs and putative class members are not required to prove the absence of consent.

### ii.   PRIOR EXPRESS MAY BE REVOKED

Plaintiffs allege that they revoked any consent that may have existed prior to receipt of at least one call in violation of the TCPA. See Complaint ¶15. Courts have held that prior express consent to autodialed calls or calls made with an artificial or prerecorded voice may be revoked. *See* e.g., *Gutierrez v. Barclays Group*, 2011 U.S. Dist. LEXIS 12546, *11 (S.D. Cal. Feb. 9, 2011) ("[T]his Court agrees with Plaintiffs that prior express consent may be revoked orally and need not be in writing."). *See also Shupe v. JPMorgan Chase Bank of Ariz.*, 2012 U.S. Dist. LEXIS 54756 (D. Ariz. Mar. 14, 2012) (noting that a consumer can "revoke consent to any future solicitations" regarding an established business relationship for purpose of the TCPA. *Shupe* did not hold that the revocation of consent need be in writing.) Defendant has not cited to any contrary authority. Furthermore, Defendant is not permitted to dispute Plaintiffs' allegations regarding lack of consent and lack of an emergency purpose (Complaint ¶¶ 21-23) on the present motion to strike, which tests the whether the class can possibly maintained.

///

///

### iii.  Class Members Can Provide Evidence of Lack of Consent

Assuming, arguendo, that "consent" were an element of the Plaintiffs' prima facie case, which it is not, this could easily be accomplished through sworn affidavits during the claims process that each putative class members received a call, using an artificial or prerecorded voice, to their cell phone without having provided (or having already revoked) consent.[6]

This issue of prior express consent as part of the definition has already been addressed in *Grant v. Capital Mgmt. Servs., L.P.*, and *Meyer v. Portfolio Recovery Assocs., LLC*, where the courts found that there was no need to include language of "consent" or "emergency purpose" in the class definition. *Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed. Appx. 598, 600 (9th Cir. Cal. 2011) and *Meyer v. Portfolio Recovery Assocs., LLC*, 2012 U.S. App. LEXIS 21136, *1 (9th Cir. Cal. Oct. 12, 2012).

Furthermore, the fact that other courts have certified classes in TCPA actions indicates that TCPA claims may be amenable to class treatment once the issue if properly before the court. *Blair v. the CBE Group Incorporated*, 13-cv-134-MMA (WVG), Dkt. 14, citing See, e.g., *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F. 3d 1036 (9th Cir. 2012) (affirming district court's provisional certification of class); *Agne v. Papa John's Int'l*, 286 F.R.D. 559 (W.D. Wash. 2012); *Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554 (C.D. Cal. 2012); see generally *Gomez v. Campbell-Ewald Co.*, 805 F. Supp. 2d 923, 931 (C.D. Cal. 2011) ("As TCPA is silent on the subject of class relief, this Court must presume its availability."). At this stage of the

---

[6]  In the *Ferrero Litigation*, the defendant argued that a consumer class alleging misrepresentations concerning the food product Nutella could not be certified unless all its members had receipts to prove they purchased the product. *See* Doc. No. 83, *In re Ferrero Litig.* In Reply, the plaintiff argued that class members could swear or affirm that they purchased Nutella. *See id.* Judge Huff then granted the plaintiffs' motion for preliminary approval of settlement and class certification. *See* Doc. No. 95, *In re Ferrero Litig.*, 2012 U.S. Dist. LEXIS 15174 (S.D. Cal. Jan. 23, 2012).

proceedings, the Court cannot say that TCPA claims are generally unsuitable for class treatment. Nor is this the rare case where the pleadings indicate that the class requirements cannot possibly be met. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615-16 (N.D. Cal. 2007) (denying motion to dismiss class allegations prior to appropriate discovery, despite "suspicious" class definition in the pleadings).

Therefore, Plaintiffs' class definition is proper; the definition presents no obstacle to identification of class members due to prior express consent because prior express consent is an affirmative defense. Even if the class definition was oberbroad, the Court could easily grant leave, and should grant leave, to amend the complaint, especially since the Court may redefine the class where appropriate. See *Armstrong v. Davis*, 275 F.3d 849, 872 n. 28 (9th Cir. 2001).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## VI.   CONCLUSION

Defendant's motion to strike Plaintiff's class allegations and class definition should be denied as this motion is prematurely brought prior to the direction of the Central District's local rules and prior to the parties having an opportunity to conduct any discovery.

Further, even if the court were to consider Defendant's motion at this time, Defendant's motion should be denied as Plaintiff has sufficiently plead class allegations and a proper class allegation for a Telephone Consumer Protection Act class.

For the foregoing reasons, Plaintiffs respectfully request the Court deny Defendant's motion in its entirety. Should the Court grant Defendant's motion, in whole or in part, Plaintiffs respectfully request leave to amend the complaint of any deficiencies.

**Hyde & Swigart**

Date: May 23, 2014                    By: /s/Jessica R. K. Dorman
                                          Jessica R. K. Dorman
                                          Attorneys for Plaintiffs

ADDITIONAL COUNSEL FOR PLAINTIFF

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228